**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10421 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-00825-RCC-GEE |
| v. | |
| WILLIAM ERNEST FULLER, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON and BEA, Circuit Judges.

Bill Fuller ("Fuller") appeals his conviction for attempted transportation and

shipping of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1)

and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(b),

(b)(2). We affirm.

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

**1.**     The district court did not err when it denied Fuller's motion to suppress the statements he made to FBI Agent Andrews, because Fuller was not in custody when he made those statements. "[A] district court's in custody determination is a mixed question of law and fact warranting *de novo* review." *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009) (internal quotations marks omitted).

A person is in custody when, considering all of the circumstances, a reasonable person would not feel free to leave. *Id.* We have previously identified five non-exclusive factors to guide this analysis: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *Id.* (internal quotations and citations omitted). After examining these factors, we conclude that, under all the circumstances, Fuller was not in custody. *See id.* at 884–86.

**2.**     The district court did not abuse its discretion by failing to strike Juror 47 for cause. Although Juror 47 never affirmatively stated he would be fair and impartial, the district judge could determine that, when Juror 47 said he would do his best to be fair and impartial, "this was equivalent to saying [he] would do so." *United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995).

**3.** The district court did not abuse its discretion when it refused to grant Fuller a mistrial on the ground of prosecutorial misconduct. The prosecutor asked Fuller's expert computer witness, Tami Loehrs, whether she had been fired from an earlier job. That was relevant to her qualifications as an expert computer witness. It was not misconduct for the prosecutor so to ask. *See United States v. Allen*, 341 F.3d 870, 891–92 (9th Cir. 2003).

**4.** The district court did not abuse its discretion when it refused to grant Fuller a mistrial on the ground that the prosecution had not provided Fuller a proper Fed. R. Crim. P. 16(a)(1)(G) summary of one of its experts' testimony, because Fuller cannot show that the verdict would likely have been different had he been given such a summary. *See United States v. Mendoza*, 244 F.3d 1037, 1047 (9th Cir. 2001).

**5.** The invited error doctrine bars Fuller's claim that the district court erred when it gave the jury a general unanimity instruction, instead of specific unanimity instructions. Fuller was *aware of* the proper instruction because the government offered it at trial; but, because Fuller objected to the instruction at trial, he invited the error and relinquished his right to that instruction. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

**AFFIRMED.**